IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JONATHAN ALLEN,

    Plaintiff,

vs.                              Case No. 4:12cv78-RH/WCS

DEPARTMENT OF CHILDREN
AND FAMILIES, et al.,

    Defendants.

                               /


## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this civil rights case on February 14, 2012. Doc. 1.  Plaintiff filed a motion seeking leave to proceed *in forma pauperis*, doc. 2, but it was unclear whether Plaintiff was a "prisoner" as defined by 28 U.S.C. § 1915(h). Plaintiff was directed to clarify why he was committed to the Florida State Hospital, doc. 4, and he has responded to that order stating he "was found not guilty by" reason of insanity in 2005.  Thus, Plaintiff is not a "prisoner" pursuant to the PLRA and will not be required to submit an initial partial filing fee.  28 U.S.C. § 1915(h).  Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002), *citing*  Kolocotronis v. Morgan, 247 F.3d 726 (8th Cir. 2001) (holding that an inmate held at a mental institution pursuant to a finding that he

was not guilty by reason of insanity was not a prisoner within the meaning of the PLRA). The motion for *in forma pauperis* status, doc. 2, is granted.

Plaintiff's complaint has now been reviewed, doc. 1, and it is insufficient to state a claim for which relief can be provided. Plaintiff's statement of facts consists of five short sentences, none of which demonstrate the violation of Plaintiff's rights.

Plaintiff cannot sue a state court judge in a civil rights case for money damages as a judge is protected by absolute immunity. Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978). Plaintiff's allegations are insufficient to determine whether Defendant Boles[1] was acting in his judicial capacity, but merely stating that he did not "want to be held" responsible is not a Constitutional violation

Plaintiff lists the public defender as a defendant, but a public defender is not an appropriate defendant in a civil rights case because he or she is not acting as a "state actor" on behalf of the state, but opposes the state on behalf of the criminal defendant. Plaintiff may not sue a public defender (identified as Meridith Ibenez)[2] who sought to represent Plaintiff and "did not do [their] job to the best of" their abilities. Moreover, failing to adequately represent Plaintiff is not a constitutional violation that may be pursued in a civil rights case.

---

[1] Judicial notice is taken that Judge Boles is a circuit court judge from Escambia County, Florida. *See* Allen v. State, 75 So.3d 719 (July 21, 2011) (Table), 2011 WL 2906143 (Fla. 1st DCA).

[2] The public defender was not listed as a defendant on the title page of the complaint, or in section II.

Plaintiff stated that the "Administration of the Florida State Hospital would not over see the job of the treatment team from 2007 till 2012."  Doc. 1, p. 5.  That is insufficient to state a claim and provides no information as to what an unnamed administrator failed to do or how Plaintiff was harmed.  This claim cannot proceed without the allegation of specific facts showing how Plaintiff was harmed and how his constitutional rights were violated.

Plaintiff indicates that his appeal was lost in the First District Court of Appeals.  Plaintiff fails to provide specific or clear facts concerning this claim, but this Court does not sit as an appellate court to review decisions of the Florida courts of appeals.  To the degree Plaintiff's allegation should be construed to mean that his lawyer failed to "even try to argue" the denial of Plaintiff's constitutional rights, that claim is also sufficient.[3]  As noted above, a lawyer seeking to represent Plaintiff as a criminal defendant is not a state actor for purposes of § 1983.

Plaintiff concludes the allegations by stating that the Florida Supreme Court would not accept his habeas corpus petition.  Doc. 1, p. 5.  That claim does not present a constitutional violation and this Court cannot review the decision of the Florida Supreme Court in a civil rights case.

While Plaintiff initiated this case as a civil rights action filed on a § 1983 complaint form, Plaintiff's only request for relief is "to be released free from any conditional release."  Id., at 7.  Such a claim is requesting habeas relief and is not appropriately

---

[3] Plaintiff names Archie Gardner as a Defendant in section II of the complaint form, doc. 1, but fails to provide allegations alleging unconstitutional acts by this person.  Nevertheless, judicial notice is taken that Gardner was the assistant public defender representing Plaintiff at the Florida First District Court of Appeal.  See Allen v. State, 75 So.2d 719 (July 21, 2011) (Table) (per curiam affirmed).

brought as a civil rights case.  A civil rights case is used to challenge the conditions of confinement at the Hospital, but habeas corpus is used to seek release from confinement.  This case should be dismissed for failing to state a claim upon which relief may be granted.

Accordingly, it is **ORDERED:**

1.  Plaintiff's motion for leave to proceed *in forma pauperis*, doc. 2, as supplemented by the financial affidavit, doc. 4, is **GRANTED**.

2.  The Clerk of Court shall file the complaint without requiring the payment of the filing fee as Plaintiff is not a "prisoner" as defined by 28 U.S.C. § 1915(h).

**REPORT AND RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 6, 2012.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:12cv78-RH/WCS